UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on April 30, 2026

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 26-mj-131 |
| | : | |
| MOHAMED ELGOODAH, and | : | VIOLATIONS: |
| KENNETH TAYLOR | : | |
| | : | 18 U.S.C. § 1951 |
| Defendants. | : | (Interference with Interstate Commerce by |
| | : | Robbery) |
| | : | |
| | : | 18 U.S.C. § 924(c)(1)(A)(ii) |
| | : | (Using, Carrying, Possessing, and |
| | : | Brandishing a Firearm During and in |
| | : | Relation to a Crime of Violence) |
| | : | |
| | : | 22 D.C. Code § 2803(b)(1) |
| | : | (Armed Carjacking) |
| | : | |
| | : | 22 D.C. Code § 4504(b) |
| | : | (Possession of a Firearm During a Crime of |
| | : | Violence or Dangerous Offense) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. §§ 924(d) and |
| | : | 981(a)(1)(C), 21 U.S.C. §§ 853(a) and (p), and |
| | : | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

On or about April 21, 2026, within the District of Columbia, **MOHAMED ELGOODAH**

**and KENNETH TAYLOR** did unlawfully obstruct, delay and affect, and attempt to obstruct,

delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951,

and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **MOHAMED ELGOODAH and KENNETH TAYLOR** did unlawfully take and obtain, and attempt to take and obtain, property consisting of a Ford Cargo Van, boxes, cash, and an Apple iPhone 15 from M.L., against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, while M.L. was engaged in commercial activities that affected interstate commerce.

**(Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951).

## COUNT TWO

On or about April 21, 2026, within the District of Columbia, **MOHAMED ELGOODAH and KENNETH TAYLOR** did unlawfully and knowingly use, carry, possess, and brandish, a firearm, during and in relation to, and in furtherance of, a crime of violence, for which they may be prosecuted in a court of the United States, that is, Count One of this Indictment, which is incorporated herein.

**(Using, Carrying, Possessing, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

## COUNT THREE

On or about April 21, 2026, within the District of Columbia, **MOHAMED ELGOODAH and KENNETH TAYLOR**, while armed with and having readily available a firearm or imitation thereof, by force and violence, against resistance, and by putting in fear, stole and took, a motor vehicle from the person and from the immediate actual possession of M.L.

**(Armed Carjacking**, in violation of Title 22, District of Columbia Code, Section 2803(b)(1))

## COUNT FOUR

On or about April 21, 2026, within the District of Columbia, **MOHAMED ELGOODAH and KENNETH TAYLOR** did possess a firearm or imitation thereof while committing the crime of Armed Carjacking as set forth in Count Three of this Indictment.

**(Possession of a Firearm During Crime of Violence or Dangerous Offense**, in violation of Title 22, District of Columbia Code, Section 4504(b))

## FORFEITURE ALLEGATION

1.      Upon conviction of the offenses alleged in Counts One and Two of this Indictment, the defendants, **KENNETH TAYLOR and MOHAMED ELGOODAH**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

2.      Upon conviction of any of the offenses alleged in Counts One and Two of this Indictment, the defendants, **KENNETH TAYLOR and MOHAMED ELGOODAH**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).  The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    (a)      cannot be located upon the exercise of due diligence;

    (b)      has been transferred or sold to, or deposited with, a third party;

3

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 924(d) and 981(a)(1)(C), Title 21, United States Code, Sections 853(a) and (p), and Title 28, United States Code, Section 2461(c)).

A TRUE BILL:

FOREPERSON.

JEANINE FERRIS PIRRO
United States Attorney

By: _____
GAURI GOPAL
Assistant United States Attorney

4